[L. A. No. 1533. Department Two.—February 1, 1905.]

ELISA P. ELIZALDE, Administratrix, etc., Respondent, v. P. W. MURPHY et al., Defendants; A. McALLISTER, Appellant.

ADMINISTRATOR'S BOND—ORDER RELEASING INSOLVENT SURETY—ORDER FOR ADDITIONAL SECURITY—ORIGINAL SURETY NOT AFFECTED.—A surety on the original bond of an administrator is not released or affected by an order of the court, upon application of the heirs, releasing an insolvent co-surety therefrom and requiring the administrator to give additional security.

ID.—CONSTRUCTION OF CODE—RELEASE OF JOINT DEBTOR.—The provisions of section 1543 of the Civil Code, that "a release of one of two or more joint debtors does not extinguish the obligation of any of the others," are universal, and include all releases however effected.

ID.—APPLICATION OF HEIRS—VALIDITY OF ORDER OF RELEASE—DUTY OF COURT—EFFECT OF ADDITIONAL SECURITY.—It is immaterial whether the order for the release of the insolvent surety, upon application of the heirs, was effective or ineffective. The heirs had the right to ask for additional security; and it was the duty of the court whenever it came to its knowledge that the bond was insufficient to require the administrator to give additional security. Whether after the representation of the insolvency of a surety the additional bond was given by the administrator voluntarily, or in obedience to an order of the court, does not affect the rights and liabilities of another surety upon the original bond.

APPEAL from a judgment of the Superior Court of Santa Barbara County. B. T. Williams, Judge presiding.

The facts are stated in the opinion.

William Shipsey, for Appellant.

B. F. Thomas, for Respondent.

HARRISON, C.—Action against the sureties upon an administrator's bond.

In January, 1894, Ernest Graves was appointed by the superior court of Santa Barbara County administrator of the estate of Marcos A. Elizalde, deceased, and thereupon, and under the direction of the court, he, as principal, with Meyer Greenberg and A. McAllister as sureties, executed and filed

therein a joint and several bond in the sum of twenty thousand dollars for his faithful discharge of the duties of his office. August 2, 1895, upon the petition of the heirs at law of the deceased, representing to the court that Meyer Greenberg had become insolvent, the administrator, as additional security for the faithful discharge of his trust, caused to be executed and filed in said court a further undertaking, purporting to be for the sum of twenty thousand dollars, in which he was named as principal, and J. T. Murphy and the aforesaid A. McAllister were named as sureties, which was by the court approved and ordered to be accepted, and thereupon the court ordered that Meyer Greenberg, surety upon the former bond, be released from all liability thereafter to accrue. The court finds that this undertaking was originally made and signed by McAllister for the sum of four thousand dollars, but that before it was approved and filed it was altered and raised without his consent or knowledge, so as to read in the sum of twenty thousand dollars. November 16, 1898, J. T. Murphy, one of the sureties on this bond, died, and thereafter, under an order of the court requiring the administrator to furnish additional security, he caused a further undertaking in the sum of ten thousand dollars to be executed and filed, with himself as principal, and the defendants P. W. Murphy and Luigi Marre as sureties. Graves filed an annual account of his administration May 28, 1898, which was duly settled by the court, and subsequently thereto received and paid out certain moneys for the estate, and died insolvent July 15, 1900, without rendering any account thereof, or any further account of his administration of the estate. After his death the respondent herein was appointed as his successor in the administration of the estate, and brought the present action against the defendants as sureties upon the aforesaid undertakings for an accounting and to recover the amount of money belonging to the estate, which should have been in the hands of Graves at the time of his death. The court found that Graves had received of money belonging to the estate the sum of $3,011—no part of which had been paid out or accounted for by him—and rendered judgment against the defendants therefor. From this judgment the defendant McAllister has appealed, bringing the appeal here upon the judgment-roll, without any bill of exceptions.

The appellant is not a party to the bond filed after the death of J. T. Murphy in 1898, and as the court found that he did not sign or execute the bond of twenty thousand dollars filed in August, 1895, which is set forth in the complaint, his liability rests solely upon the bond filed upon the issuance of letters of administration in 1894. He contends that he is not liable upon this bond, for the reason that the bond in 1895 was taken as a substitute for this one; that for that reason there can be no liability against the parties thereto; and upon the further ground that the release of Greenberg as co-surety upon the original bond operated, also, to release him from all liability thereon.

The claim that the bond of 1895 was a "substitute" for the original bond of 1894, rests upon a recital in the order of the court accepting it, that "it has been *introduced* as a substitute for the former bond," and upon the clause in the bond, "This bond to have force and effect from January 20, 1894." We have not been cited to any statutory provision authorizing the court to accept a subsequent bond of an administrator as a "substitute" for one previously executed, or with the effect of releasing the parties to the prior bond from all liability thereon; and in the present case the court did not direct that the bond should be a substitute for the original bond, but merely ordered "that said new bond be accepted." If, however, the bond, by reason of the alteration thereon, was void at the time this order was made, the basis for the order had no existence, and with it the order itself fell. The bond of 1895 is itself prospective in its terms, and in the absence of any words to the contrary is to be regarded as cumulative. This consideration of its character is not impaired by the clause therein above quoted, but these words are more consistent with an intention on the part of the sureties to hold themselves bound for any delinquencies on the part of the administrator, subsequent to the date of his appointment. The claim of the appellant is, moreover, refuted by the finding of the superior court, that the allegation of the complaint that this bond was filed "as additional security" for the faithful discharge by the administrator of his trust is true.

The proposition in the appellant's brief that, inasmuch as under section 1403 of the Code of Civil Procedure the court is authorized to release a surety upon an administrator's bond

only upon his own application therefor, and that its order in the present case releasing Greenberg, made upon the application of the heirs at law of the deceased, had the effect to release the appellant from all liability upon the bond, cannot be maintained. Section 1543 of the Civil Code declares: "A release of one of two or more joint debtors does not extinguish the obligation of any of the others." The provisions of this section are universal, and include all releases, whether resulting from operation of law or by virtue of a statutory provision, or by the direct act of the party with whom or for whose benefit the obligation was entered into.

We are not required upon the present appeal to determine whether this order of the court had the effect to release Greenberg. If the order was without authority of the court to make it, it was nugatory. If it was within its jurisdiction, the liability of the appellant was not affected by it. Under section 1397 of the Code of Civil Procedure the heirs at law were authorized to ask for further security, and under section 1402 of the Code of Civil Procedure it was the duty of the court, whenever it came to its knowledge that the bond was insufficient, to require the administrator to file additional security. The court was therefore authorized to require an additional bond, and whether, after the representation as to his insolvency, such bond was given by the administrator voluntarily, or after an order requiring him to file it, does not affect the rights and liabilities of the appellant upon the original bond.

The judgment should be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

McFarland, J., Lorigan, J., Henshaw, J.